IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
FEB 1 4 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DONNA M. HARRAH, individually and
on behalf of all those similarly situated,

    Plaintiff

v.    CIVIL NO. 4:12-CV-26

BANK OF AMERICA, N.A.,
A National Banking association,

    Defendant

## COMPLAINT

The Plaintiff, DONNA M. HARRAH, individually and on behalf of all those similarly situated, states the following claims for relief against the Defendant, Bank of America, N.A. ("Bank of America").

### Introduction

1. Plaintiff, Donna M. Harrah, brings this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq. for actual, statutory, and punitive damages, attorney's fees and costs.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681(p).

3. Bank of America regularly conducts business within the Eastern District of Virginia.

4. Venue is proper in this District under 28 U.S.C. §1391(b).

## Parties

5. Ms. Harrah is a citizen of Virginia, residing in Isle of Wight County, Virginia and is a "consumer" as defined by the FCRA.

6. Defendant, Bank of America, is a national bank doing business in Virginia and is a "user" of "credit scores" as those terms are used in 15 U.S.C. §1681g.

## General Allegations Relating to Ms. Harrah

7. In the Spring of 2011, Ms. Harrah applied to Bank of America for a mortgage refinance.

8. Bank of America used a consumer credit score in connection with Ms. Harrah's application for said mortgage refinance.

9. Bank of America failed to timely provide Ms. Harrah with the credit score required by the FCRA, 15 U.S.C. §1681g(g) as soon as was reasonably practicable.

10. Bank of America failed to timely provide Ms. Harrah with a properly completed notice required by the FCRA, 15 U.S.C. §1681g(g) as soon as was reasonably practicable.

11. Bank of America's failure to provide the required credit score disclosures as soon as reasonably practicable caused harm to Ms. Harrah.

## Policies and Practices of Bank of America

12. Bank of America regularly makes or arranges refinances of mortgage loans secured by residential real property.

13. Bank of America regularly uses consumer credit scores in connection with applications from consumers for refinances of mortgage loans secured by residential real property.

14. Bank of America regularly fails to provide as soon as reasonably practicable the consumer credit scores to its consumer applicants whose consumer credit scores were used in connection with applications for refinances of mortgage loans secured by residential real property.

15. Bank of America regularly fails to provide as soon as reasonably practicable the disclosures required by 15 U.S.C. §1681g(g) to its consumer applicants whose consumer credit scores were used in connection with applications for refinances of mortgage loans secured by residential real property.

16. At all times relevant to the matters alleged in this Complaint, Bank of America's policy and practice regarding credit scores and credit score disclosures was similar for all its consumer applicants for loans secured by 1 to 4 units of residential property.

17. Ban of America's procedures have persisted even after an earlier set of federal lawsuits, a class settlement and a stipulation that Defendant would follow lawful notice procedures as a result of such settlement.

## Class Allegations

17. Ms. Harrah brings this actions individually and on behalf of all persons similarly situated pursuant to Fed. R. Civ. P. 23.

18. Ms. Harrah seeks to represent the following defined class:

All persons (a) who applied for a consumer loan at Bank of America under a mortgage refinance which was to be secured by 1 to 4 units of residential property, (b) beginning two years prior to the filing of this action, (c) who were the subject of a credit score used by Bank of America in connection with the application on or after February 20, 2010.

19. **Numerosity.** FED. R. CIV. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

20. **Existence and Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether Defendants sent the required notices, when they did so and whether Defendants acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question. Additional common questions include: Whether Bank of America adhered to a policy of withholding credit scores from its consumers; Whether Bank of America regularly uses credit scores in connection with applications for consumer loans secured by residential, real property; Whether Bank of America was required to provide credit scores to its consumers who applied for consumer loans to be secured by residential real property; The time frame in which credit scores must be disclosed to consumers when such scores are used; and Whether Bank of America violated 15 U.S.C. §1681g(g) and if so, whether the violation was willful.

21. **Typicality.** FED. R. CIV. P. 23(a)(3)). Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

22. **Adequacy.** Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

23. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

COUNT I

Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681g(g)

24. Ms. Harrah incorporates the proceeding allegations by reference.

25. Bank of America failed to provide Ms. Harrah and the class members the notifications, information and disclosures required by the FCRA, 15 U.S.C. §1681g(g) as soon as reasonably practicable.

26. Bank of America negligently violated the FCRA, 15 U.S.C. §1681g(g) and 15 U.S.C. §1681o; alternatively Bank of America willfully violated the FCRA, 15 U.S.C. §1681g(g) and 15 U.S.C. §1681n.

27. Ms. Harrah and the class members have suffered actual damages as a result of this violation of the FCRA by Bank of America in the amount of the retail price of the consumer's credit score.

28. The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

29. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

30. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681g Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

## JURY DEMAND

Ms. Harrah demands a trial by jury on behalf of herself and the class members.

## PRAYER FOR RELIEF

For the reasons set forth above, Ms. Harrah prays that the Court grant her and the individuals similarly situated to her judgment against the Defendant, Bank of America, N.A., including the following relief:

    a.    Certification of the proposed class;

    b.    Actual damages;

    c.    Statutory damages;

    d.    Punitive damages;

    e.    Statutory attorney's fees;

    f.    Costs provided for by statute and court rule; and

    g.    Any other relief which the Court finds appropriate, lawful and just

Respectfully submitted,

DONNA M. HARRAH,
Individually and on behalf of others similarly situated.

By: *Susan M Rot*
Of Counsel

LEONARD A. BENNETT, VSB#37523
SUSAN M. ROTKIS, VSB40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com