UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DONNA M. HARRAH,

        Plaintiff,

v.

BANK OF AMERICA, N.A.,

        Defendant.

Civil Action No.  4:12cv26

### DEFENDANT BANK OF AMERICA, N.A.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Bank of America, N.A., by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), states as follows for its memorandum in support of its Motion to Dismiss Plaintiff's Complaint.

### INTRODUCTION

Plaintiff, Donna M. Harrah's, complaint against Bank of America, N.A. ("Bank of America") is almost completely barren of supporting facts.  In the most conclusory terms, it alleges that Bank of America failed to provide her with a credit score disclosure meeting the requirements of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(g), "as soon as reasonably practicable" after she applied for mortgage refinancing.  But, for a claim premised on the timing or content of that disclosure, plaintiff's complaint is devoid of the essential facts regarding:

- How plaintiff allegedly applied for that refinancing;
- When she applied for it;
- Whether she received a credit score disclosure at all, and, if so:
  - When she received it; and
  - What it said.

In sum, the complaint lacks any of the essential facts necessary for such a claim to proceed.

Instead, the complaint's seven pages do little more than recite the general elements of the FCRA provisions at issue, accompanied by conclusory statements that Bank of America failed to comply with them. And even those statements often contradict themselves. The complaint implies at once that plaintiff: (1) never received the disclosure; (2) received the disclosure, but it was not received as soon as reasonably practicable; and (3) the disclosure was indeed received, but its contents were insufficient. Nowhere does plaintiff plead the content of the disclosure or provide any facts to support the contention that it was insufficient, if such an allegation is her intent. Finally, apart from a conclusory statement that plaintiff sustained damages as a result of Bank of America's conduct, nowhere does plaintiff attempt to plead a single fact to support that bald statement.

This complaint does not allow Bank of America to ascertain the actual conduct complained of, analyze the facts supporting that claim, and prepare an appropriate defense. Accordingly, this pleading falls measurably short of adequate, and would have done so before the Supreme Court's guidance in the *Iqbal* and *Twombly* decisions. It even more clearly must be dismissed under the current interpretation of Fed. R. Civ. P. 8 and 12(b)(6).

## FACTUAL BACKGROUND

Plaintiff filed the present action against Bank of America on February 14, 2012. (Dkt. No. 1 ("Compl."). 1.)[1] She brings a single cause of action, on behalf of herself and a putative class, alleging both a negligent and willful violation of FCRA, 15 U.S.C. § 1681g(g). (Compl. ¶ 26.) Section 1681g(g) of FCRA requires that, under certain circumstances, mortgage lenders provide to the applicant, "as soon as reasonably practicable," a specific notice of the credit score used in connection with particular mortgage applications. 15 U.S.C. § 1681g(g). Civil liability

---

[1] Three lawsuits were filed in the Eastern District of Virginia on Ms. Harrah's behalf by the same law firm that same day. (*See Harrah v. Trans Union, LLC*, No. 3:12-cv-00117-REP, filed Feb. 14, 2012, and *Harrah v. Citicorp Credit Services, Inc.*, No. 4:12-cv-00027-RAJ-TEM, filed Feb. 14, 2012.) Both of these other matters were recently voluntarily dismissed. Like the matter presently before this Court, *Harrah v. Trans Union* involved claims under the Fair Credit Reporting Act.

may be imposed for willful or negligent noncompliance. Both penalties require that a person be actually harmed by the violation. 15 U.S.C. §§ 1681n(a)(1)(A), 15 U.S.C. § 1681o(a)(1) (requiring that a consumer have sustained "actual damages").

Plaintiff claims that "in the Spring of 2011, [she] applied to Bank of America for a mortgage refinance." (Compl. ¶ 7.) This is only allegation provided regarding her transaction with Bank of America. Apart from that vague assertion, the complaint recites nothing more than the bare legal requirements of section 1681g(g):

> Compl. ¶ 8: "Bank of America used a consumer credit score in connection with Ms. Harrah's application for said mortgage refinance."
>
> Id., ¶ 9: "Bank of America failed to timely provide Ms. Harrah with the credit score required by the FCRA, 15 U.S.C. § 1681g(g) as soon as was reasonably practicable."
>
> Id., ¶ 10: "Bank of America failed to timely provide Ms. Harrah with a properly completed notice required by the FCRA, 15 U.S.C. § 1681g(g) as soon as was reasonably practicable."
>
> Id., ¶ 11: "Bank of America's failure to provide the required credit score disclosures as soon as reasonably practicable caused harm to Ms. Harrah."

Taken together, these allegations attempt to plead both that the Bank never provided a required disclosure, and that it did, but the disclosure was not timely and/or "properly completed." Plaintiff goes on to plead that Bank of America "regularly" fails to provide such disclosures, but provides no facts whatsoever regarding the timing, means, or manner by which Bank of America provides credit score disclosures in any other transactions. Plaintiff pleads nothing further regarding her transaction with the Bank. Instead, she alleges a putative class as follows:

> All persons (a) who applied for a consumer loan at Bank of America under a mortgage refinance which was to be secured by 1 to 4 units of residential property, (b) beginning two years prior to the filing of this action, (c) who were the subject of a credit score used by Bank of America in connection with the application on or after February 20, 2010.

3

(*Id*. ¶ 18.) Without more, it is not clear from the complaint that even plaintiff would be a member of the alleged class, or that her circumstances triggered a disclosure requirement under the FCRA.

## ARGUMENT

### I. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must allege actual facts—not mere legal conclusions masquerading as facts—demonstrating a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Twombly* and *Iqbal* rejected an interpretation of Rule 8 that had been used by federal courts for over fifty years. *Twombly* rejected the formulation, derived from *Conley v. Gibson*, 355 U.S. 41, 47 (1957), that under the old standard, a complaint need only set forth a "short and plain statement of the claim" to give a defendant "fair notice" of the plaintiff's claim. *Twombly*, 550 U.S. at 555.. Under the old *Conley* standard, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 561 (quoting *Conley*, 355 U.S. at 45-46.).

In *Conley*'s place, *Twombly* and *Iqbal* now require a two-step analysis. *Iqbal*, 556 U.S. 678-79. First, a court must consider only the factual allegations of the complaint—not its legal conclusions or its bare recitation of the elements of a claim—in determining whether the plaintiff has made a sufficient "plain" statement of the grounds of her entitlement to relief. Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555 (providing that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do"); *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[.]"). The facts pled must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. It is insufficient that a plaintiff "might later establish some 'set of [undisclosed] facts' to support recovery." *Id*. at 561 (alteration in original). Furthermore, "the tenet that a court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Legal conclusions are thus properly disregarded in assessing the adequacy of a complaint's factual allegations. *Iqbal*, 556 U.S. at 678-79; *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (providing that statements of bare legal conclusion "'are not entitled to the assumption of truth'" and are insufficient to state a claim) (quoting *Iqbal*, 556 U.S. at 679).

Second, if the plaintiff has alleged sufficient facts that, if proven, would establish the claim, the court must consider whether the adequately pleaded facts state a "plausible," rather than a merely "possible," claim. *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 679. That analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotations and citation omitted); *see also Aziz*, 658 F.3d at 391 ("To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiffs' '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'") (quoting *Twombly*, 550 U.S. at 555, 570).

**II.    The Complaint Is Devoid of Facts.**

Section 1681g(g) requires certain mortgage lenders to provide consumers a specified disclosure (the "credit score disclosure") when the lender "uses a consumer credit score . . . in connection with an application initiated or sought by a consumer for a closed end loan or the establishment of an open end loan for a consumer purpose that is secured by 1 to 4 units of residential real property." 15 U.S.C. § 1681g(g)(1). The disclosure is to be provided "as soon as reasonably practicable," *id.*, and must include language and information specified in 15 U.S.C. § 1681g(g)(1)(D). There are certain circumstances under which a disclosure is not required under FCRA, including when the disclosure has already been provided to the consumer. 15 U.S.C. § 1681g(g)(1)(E)(v). FCRA does not require that the lender disclose any credit score or related information obtained after the loan has closed, and only one disclosure is required per

loan transaction. *Id*.

### A. Plaintiff Fails to Plead Facts to Support Her Contention that a Disclosure Was Required.

Plaintiff has pled no facts to show that a disclosure was required in connection with her alleged application for a "mortgage refinance." She does not allege whether the loan was closed or open-ended, whether it was for a consumer purpose, or whether it was secured by 1 to 4 units of residential real property. (*See* Compl. ¶¶ 7-17.) This failure alone is sufficient to dismiss her claim. *Fimbres v. Chapel Mortg. Corp.,* No. 09-CV-0886-IEG (POR), 2009 U.S. Dist. LEXIS 109261, at *31 (S.D. Cal. Nov. 20, 2009) (dismissing FCRA claim under Rule 12(b)(6) for failure to allege circumstances giving rise to obligation to disclose credit score) ("These allegations are insufficient and conclusory."); *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *33 (S.D. Cal. Sep. 29, 2009) (dismissing FCRA claim under Rule 12(b)(6) because "[p]laintiffs make only conclusory allegations that '[d]efendants violated numerous provisions of the FCRA and failed to provide the documents'").

More significantly, plaintiff's complaint lacks any facts regarding the alleged application. Section 1681g(g) triggers a disclosure only in connection with particular mortgage applications. *See* 15 U.S.C. § 1681g(g). Other than to allege that plaintiff "applied . . . for a mortgage refinance" (Compl. ¶ 7), nowhere does plaintiff plead facts that would permit, even as a threshold matter, a determination of whether her interaction with Bank of America indeed amounted to an application and triggered disclosure obligations under FCRA. For example, she fails to allege:

- *What* exactly she applied for, including whether she already had a mortgage loan with Bank of America;

- *How* she applied for a mortgage refinance, including what materials or information were provided to Bank of America, if any, whether she completed application form, whether it was submitted, etc.;

- *Where* she applied for the refinance, including through what means the application

was submitted (for example, in person at a Bank of America branch, over the telephone, online, through a mortgage broker, etc.);

- *When* she applied for a mortgage refinance, including at least an indication of when the alleged application was submitted to Bank of America and finalized; and

- *Whether* she indeed received a refinance, and, if so, when.

These facts are critical to establish a claim that the disclosure obligation was triggered under the FCRA, and they are entirely lacking here.

### B. Plaintiff's Complaint Is Also Devoid of Facts Regarding the Timing of the Disclosure.

Nor does plaintiff plead facts to support the contention that the disclosure was not received "as soon as reasonably practicable." "As soon as reasonably practicable" is a highly individualized determination. *See Domonoske v. Bank of America, N.A.*, 790 F. Supp. 2d 466, 474 (W.D. Va. 2011) ("'[A]s soon as reasonably practicable' provides no bright line or marker for judging the lender's compliance."). Whether the disclosure was timely depends on at least:

- Whether and when the application was initiated;
- Whether and when the application culminated in a refinance; and
- If a disclosure was received at all, when it was received.

Plaintiff pleads none of these facts, *including the critical fact of whether she ever received a disclosure*. Such facts are essential to any cause of action under section 1681g(g), especially because whether a disclosure was never provided may raise an entirely different set of legal issues and factual questions than whether the disclosure was provided, but not timely.

When the application was initiated and submitted, and when a disclosure was provided, are certainly critical to the contention that a disclosure was not timely. Plaintiff's allegation that the application occurred "in the Spring of 2011" does not suffice as support for the allegation that the disclosure was late, and makes it impossible to determine how much time elapsed between the alleged application and the disclosure. *See Bracamontes v. Chase Home Fin. LLC*, No. 10-CV-03888-LHK, 2011 U.S. Dist. LEXIS 9210, at *8 (N.D. Cal. Jan. 31, 2011) (dismissing claim under § 1681g(g), in part, because plaintiff failed to provide when the failure

occurred) ("The Complaint must 'meet some minimum threshold' in providing a defendant with notice of what it is that it allegedly did wrong.") (citation omitted).

    **C.**    **Plaintiff Pleads No Facts Regarding the Allegedly Insufficient Content of the Disclosure.**

If plaintiff intends to allege that the disclosure was indeed received, but was insufficient, she provides only conclusory statements in that regard as well. She alleges in only general terms that the notice was insufficient—that Bank of America "failed to timely provide [plaintiff] with a *properly completed* notice." (Compl. ¶ 10 (emphasis added).) She avers nothing regarding its actual content, nor does she attach a copy. (*Id.*) The district court in *Boles v. Merscorp, Inc.*, No. CV 08-1989 PSG (Ex), 2008 U.S. Dist. LEXIS 120713 (C.D. Cal. Aug. 26, 2008), addressed a materially similar issue in a case involving allegedly deficient Truth in Lending disclosures:

> In this case, Plaintiff's claim for rescission fails because he does not clearly state the facts regarding the allegedly deficient disclosures and relies on mere legal conclusions. Plaintiff lists disclosures which he believes he is owed and did not receive. However, Plaintiff has not specified any particular items which Defendant did not disclose[. . . . ] Plaintiff's claim that the disclosures were deficient is not a factual allegation, but a legal conclusion.

*Id*. at *7-8. Likewise, Ms. Harrah's conclusory assertion that the credit score disclosure was not "properly completed" is patently inadequate to state a claim.

    **D.**    **Plaintiff Fails to Adequately Plead Harm.**

Plaintiff asserts a claim for a negligent violation of the FCRA, but also fails to plead facts showing actual harm, as is required to make such a claim under FCRA. *See, e.g.*, *Guimond v. Credit Bureau Inc.*, No. 91-1516, 1992 U.S. App. LEXIS 2640, at *5-6 (4th Cir. Feb. 25, 1992) (requiring proof of actual damages for claim that defendant failed to provide notification of deletion of disputed credit report information under FCRA); *De Vone v. Credit Fin. Info. Sys., Inc.*, No. 1:95CV00089, 1995 U.S. Dist. LEXIS 8738, at *1, *4 (M.D.N.C. May 2, 1995) (requiring proof of actual damages for defendant's alleged failure to provide a credit report under FCRA). Plaintiff states only that she was "caused harm" (Compl. ¶ 11), which courts routinely

reject as insufficient under Rule 12(b)(6). *See, e.g., Chambers v. Wells Fargo Home Mortg.*, No. CV 11-00957-PHX-FJM, 2011 U.S. Dist. LEXIS 81614, at *11-12 (D. Ariz. Jul. 25, 2011) (dismissing claim that Wells Fargo violated § 1681g(g) by failing to provide credit score notice, because "the complaint does not specify how Wells Fargo was obligated to provide such notices or how plaintiff has been damaged"); *Baker v. Trans Union LLC*, No. CV-10-8038-PCT-NVW, 2010 U.S. Dist. LEXIS 51425, at *11, *17 (D. Ariz. May 25, 2010) (dismissing FCRA claim under Rule 12(b)(6) because plaintiff "has not . . . sufficiently pled actual damages"). This is especially important in an action under FCRA, where lack of damages is an affirmative defense, and courts have held that actual damages in this exact situation are difficult to demonstrate. *See Domonoske*, 790 F. Supp. 2d at 474 ("[I]n most instances, a consumer who fails to receive timely notice of the credit score its lender has obtained would be hard-pressed to demonstrate a compensable injury, or in the absence of a provable injury, willfulness. . . . [M]ore likely than not[,] only an occasional outlier could prove any actual damage at all."). Without the pleading of such facts, Bank of America is unable to assess its defenses. *See Rush v. Am. Home Mortg., Inc.*, No. WMN-07-CV-0854, 2009 U.S. Dist. LEXIS 112530, at *14 (D. Md. Dec. 3, 2009) ("When determining whether a complaint fails to comply with Rule 8(a), 'courts have looked to various factors, including the length and complexity of the complaint, *whether the complaint was clear enough to enable the defendant to know how to defend himself*, and whether the plaintiff was represented by counsel.'") (citing *North Carolina v. McGuirt*, 114 Fed. Appx. 555, 558 (4th Cir. 2004) (emphasis added)).

## **CONCLUSION**

The Federal Rules require that plaintiff plead facts, not simply legal conclusions, and for good reason. Without facts to support Ms. Harrah's claims, Bank of America is not properly noticed of the allegations and is unable to prepare comprehensive analysis and defense of these allegations. Bank of America respectfully requests that the Court grant its motion and dismiss this case with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: June 8, 2012 **BANK OF AMERICA, N.A.**

/s/ Timothy J. St. George
Timothy J. St. George
Virginia State Bar No. 77349
*Attorney for Bank of America, N.A.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-5118
Email: tim.stgeorge@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

>Leonard Anthony Bennett
>Consumer Litigation Associates
>763 J Clyde Morris Boulevard, Suite 1A
>Newport News, VA 23601
>Telephone: 757-930-3660
>Facsimile: 757-930-3662
>Email:lenbennett@cox.net
>
>*Counsel for Plaintiff*
>
>Susan Mary Rotkis
>Consumer Litigation Associates
>763 J Clyde Morris Boulevard, Suite 1A
>Newport News, VA 23601
>Telephone: 757-930-3660
>Facsimile: (757) 930-3662
>Email: srotkis@clalegal.com
>
>*Counsel for Plaintiff*

>/s/ Timothy J. St. George_____
>Timothy J. St. George
>Virginia State Bar No. 77349
>*Attorney for Bank of America, N.A.*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone: (804) 697-1254
>Facsimile: (804) 698-5118
>Email: tim.stgeorge@troutmansanders.com