

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

DARRAH M. HARRAH
*Individually and on behalf of all those similarly situated,*

        Plaintiff,                                    Civil Action No: 4:12cv26

v.

BANK OF AMERICA, N.A.
*A National Banking Association,*

        Defendant.

## RULE 16(b) SCHEDULING ORDER

        Subject to any motions now pending, the parties having reported to the Court in accordance with Federal Rule of Civil Procedure (hereinafter "Rule") 26(f), the Court ORDERS the following schedule (PLEASE NOTE: changes from the schedule proposed at the Rule 16 Conference may have been made. Requests for variations or extensions to this Order must be filed in writing, and will be permitted only by the Court, only by written Order):

        1.    Trial shall commence on **July 29, 2014 , at 10:00 a.m.**, at Newport News. Unless otherwise ordered by the court, the party intending to offer exhibits at trial shall place them in a binder, properly tabbed, numbered, and indexed, and the original and two (2) copies shall be delivered to the Clerk, with copies in the same form to the opposing party, seven (7) business days before the trial. The submitting party may substitute photographs for demonstrative or sensitive exhibits.

        2.    The party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed shall identify expert witnesses to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on **March 31, 2014**. The disclosures outlined in Rule 26(a)(2)(B) shall be made on **May 1, 2014**. In addition to the disclosures required by Rule 26(a)(2)(B), disclosures shall be made on the same dates identifying all witnesses proffered by a party for purposes of presenting evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, whose first direct contact with the case or the parties occurred subsequent to the filing of this action. Rule 702, 703 or 705 disclosures intended solely to respond to, contradict, or rebut evidence on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Rule 26, or pursuant to this

order, shall be made on **June 2, 2014**. Any rebuttal disclosure by the party bearing the initial burden of proof shall be made on **June 17, 2014**, and shall be limited as to source to expert witnesses previously identified. Further rebuttal to Rule 702, 703 or 705 evidence shall be permitted only by leave of this Court.

    3. Discovery shall be commenced timely and, except as to expert witnesses, shall be completed by **ALL PARTIES** on or before **May 20, 2014**. "Completed" means that interrogatories, requests for production, and requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date. All subpoenas issued for discovery shall be returnable on or before the completion date. Unrepresented parties may request subpoenas of witnesses for depositions or trial, but such requests must be accompanied by a memorandum containing the name, address and purpose of the testimony of each witness and be approved in advance of issuance by a Judge or Magistrate Judge of this Court. Such approval shall not preclude any witness from contesting a summons. In accordance with Rule 5(d), depositions upon oral examination and upon written questions, interrogatories, requests for production, requests for admission, notices for depositions and production, requests for disclosure of expert information, expert information, disclosures, and answers and responses or objections to such discovery requests shall not be filed with the Court until they are used in the proceeding, or ordered filed by the court. Discovery improperly submitted will be discarded by the Clerk without notice to counsel. The party taking a deposition or obtaining material through discovery is responsible for its preservation and delivery to the court if sought to be used by any party or ordered filed.

    4. All discovery of experts, and all depositions taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial, shall be concluded on or before **June 3, 2014**.

    5. The pretrial disclosures required by Rule 26(a)(3) shall be delivered to all counsel and unrepresented parties on or before **June 18, 2014**, and filed with the Court at the Final Pretrial Conference as part of the Final Pretrial Order. Any objections to this disclosure shall be delivered to all counsel and unrepresented parties on or before **June 25, 2014**, and, if unresolved, will be heard at the Final Pretrial Conference. The failure to deliver timely objections to Rule 26(a)(3) disclosures shall constitute a waiver of the right to object. Wherever delivery to counsel or unrepresented parties (as opposed to the Clerk) is required by this Order,

facsimile transmission or equivalent electronic transmission during normal business hours on the due date, accompanied by simultaneous service by mail, shall be considered timely.

6. An attorneys' conference is scheduled in the office of counsel for Plaintiff or, if the Plaintiff is unrepresented, at the office of counsel for the Defendant whose office is located closest to the courthouse at Newport News, on **June 27, 2014 at 2:00 p.m.** Counsel and unrepresented parties shall meet in person and confer for the purpose of reviewing the pretrial disclosure required by Rule 26(a)(3), preparing stipulations, and marking the exhibits to be included in the Final Pretrial Order outlined in paragraph 7. With the exception of rebuttal or impeachment, any information required by Rule 26(a)(3) not timely disclosed, delivered, and incorporated in the proposed Final Pretrial Order shall result in the exclusion of the witnesses, depositions, and exhibits which are the subject of such default.

7. A Final Pretrial Conference shall be conducted on **July 11, 2014 at 11:00 a.m.**, at the courthouse in Norfolk, at which time trial counsel and unrepresented parties shall appear and be prepared to present for entry the proposed Final Pretrial Order setting forth: (1) a stipulation of undisputed facts; (2) identification of documents, summaries of other evidence, and other exhibits in accordance with Rule 26 (a)(3)(A)(iii) to which the parties agree; (3) identification of Rule 26(a)(3)(A)(iii) materials sought to be introduced by each party to which there are unresolved objections, stating the particular grounds for each objection, and arranging for the presence of any such materials at this conference; (4) identification of witnesses in accordance with Rule 26(a)(3)(A)(i) indicating any unresolved objections to the use of a particular witness and the grounds therefor, and designating those witnesses expected to testify by deposition in accordance with Rule 26(a)(3)(A)(ii); (5) the factual contentions of each party; and (6) the triable issues as contended by each party. While preparation of the Final Pretrial Order shall be the responsibility of all counsel and unrepresented parties, counsel for the Plaintiff, or if the Plaintiff is unrepresented, counsel for the first-named Defendant, shall distribute a proposed final draft to all other counsel and unrepresented parties on or before **July 9, 2014**. Unresolved objections shall be noted in the proposed Final Pretrial Order, but disagreements concerning the content of the final draft shall be resolved before the Final Pretrial Conference, at which time the parties shall present a complete and endorsed proposed draft of the Final Pretrial Order. Failure to comply with the requirements of this paragraph may result in the imposition of sanctions pursuant to Rule 16(f).

8. Trial by jury has been demanded. Proposed voir dire and two typewritten sets of jury instructions, one set with authorities in support thereof, and one set without authorities, along with CD-ROM diskette, shall be delivered to the Clerk on or before **July 22, 2014**.

9. All dispositive motions, including summary judgment motions, in this action must be filed no later than **June 3, 2014**. No motions pertaining to the merits of any aspect of this case will be permitted after that date without the written stipulation of all parties, and the filing of a formal motion for leave to so move. Additionally:

    a. Disposition of motions for summary judgment is left to the discretion of the court, and such motions may or may not be resolved prior to trial.

    b. Counsel must file a brief in support of their motion or response to a motion as required by Local Civil Rule 7(F).

    c. Briefs may not exceed the page limits set by Local Civil Rule 7(F)(3) without an order of the court.

    d. Counsel filing a dispositive or partially dispositive motion against a pro se party must comply with the notice requirements of Local Civil Rule 7(K).

    e. The nine-element signature block of counsel of record must be on all pleadings and motions filed with the court. Local counsel are required to sign the pleading. *See* Local Civil Rule 83.1(F) for counsel's responsibilities.

10. ADR or settlement assistance has not yet been requested in this case. Any party appearing in this action may initiate a request for judicial assistance in attempting to negotiate a settlement. If the parties agree to pursue such judicial assistance, the Clerks' staff for the Magistrate Judges should be notified at 757-222-7260. If the parties agree upon settlement, Plaintiff shall promptly notify the Court by facsimile mail directed to the Clerk's Office, with copies to all other counsel of record. An endorsed Dismissal Order must be received within eleven (11) days of receipt of the facsimile notice by the Clerk. Non-compliance may compel the Court to enter an order dismissing the case with prejudice and retaining jurisdiction to enforce the settlement.

***The Court also adopts the following consent discovery plan below that has been disseminated among counsel for the last few weeks. Counsel may use those dates in lieu of some of the dates listed above.***

## SUPPLEMENTAL DISCOVERY PLAN

11. Defendant shall produce to Plaintiff all non-privileged documents in her loan file, and plaintiff shall produce to Defendant all documents regarding her dealings with defendant on the loan or loans at issue in this action, on or before October 9, 2013.

12. Plaintiff shall file a Second Amended Complaint on or before October 10, 2013. Defendant's responsive pleadings to the second amended complaint shall be due on or before November 7, 2013.

13. Discovery will be phased in this action, and the Initial Phase will be limited to those facts relevant to class certification and the plaintiff's individual loan transaction.

14. The following deadlines shall apply:

| Activity | Deadline |
| --- | --- |
| Defendant to produce all non-privileged documents in plaintiff's loan file, and plaintiff to produce all documents regarding her dealings with defendant on the loan or loans at issue in this action | October 9, 2013 |
| Plaintiff to file second amended complaint ("SAC") | October 10, 2013 |
| Defendant's responsive pleadings to SAC | November 7, 2013 |
| Deadline for parties to serve initial disclosures, pursuant to Fed. R. Civ. Proc. 26(a)(1) | November 21, 2013 |
| Close of Phase I discovery | 95 days prior to Class Certificating hearing |
| Deadline for parties to file any motion and accompanying submissions relating to class certification ("Class Certification Motions") | 65 days prior to Class Certification hearing |
| Deadline to file Oppositions to Class Certification Motions | 35 days prior to Class Certification Hearing |
| Deadline to file Replies in support of Class Certification Motions | 21 days prior to Class Certification Hearing |
| Class Certification Hearing | [To be set by Court] |

5

15. Within fifteen (15) days following the Court's decision on class certification, the parties shall meet and confer and then submit a Joint Case Management Statement addressing the deadlines for all remaining case management issues, including remaining discovery, expert witness disclosures, dispositive motions, and trial.

Oct 8, 2013
Date

Arenda Wright Allen
United States District Judge